**In re Guido FREZZO**

No. Civ.A. 98–1898.
Bankruptcy No. 97–16286SR.

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

July 27, 1998.

Mark Blank, Jr., Paoli, PA, for Guido Frezzo.

John A. Wetzel, Philadelphia, PA, for Philomena Frezzo.

Mary Jeffery, Philadelphia, PA, for Anita Swayne.

Kenneth E. Aaron, Buchanan Ingersoll Professional Corporation, Philadelphia, PA, Jane M. Leamy, Philadelphia, PA, for James Frezzo.

Brendan J. Sherman, Ciardi, Maschmeyer and Karalis, Philadelphia, PA, for Gloria M. Satriale.

Gloria M. Satriale, Chester Springs, PA, Chapter 7 Trustee.

Frederic J. Baker, Assistant U.S. Trustee, Philadelphia, PA, pro se.

### MEMORANDUM AND ORDER

FULLAM, District Judge.

The debtor, Guido Frezzo, has appealed from an order of the Bankruptcy Court which (1) authorized the trustee to sell the debtor's principal asset (stock in a family business) for $1,290,000, and (2) fixed the amount of an unsecured claim by the debtor's ex-wife at $1,077,100. The debtor argues that the sale price for the stock was entirely too low, and that the claim of his ex-wife is entirely too high.

■ The appeal was lodged in this court as of April 9, 1998. The debtor did not seek or obtain a stay of the Bankruptcy court's order, and the sale of the stock was consummated as of May 15, 1998. That part of debtor's appeal is therefore moot. *See Krebs*

*Chrysler–Plymouth, Inc. v. Valley Motors, Inc.* 141 F.3d 490, 499 (3d Cir.1998).

■ Alternatively, the adequacy of the sale price is a factual determination, and the factual findings of the bankruptcy judge can be disturbed on appeal only if they are clearly erroneous. The trustee's approval of the sale price was supported by an independent appraisal; no competing appraisal or testimony was proffered by the debtor.

■ The correct amount of the allowed unsecured claim of the debtor's ex-wife is also a factual matter, subject to the clearly-erroneous standard of review. Indeed, the amount of the claim had been fixed by the state court, in the divorce decree.

To the extent that this appeal has not been rendered moot by the consummation of the sale, (and, alternatively, even if the appeal were not moot) the order appealed from must be affirmed, on the basis of the thorough and comprehensive opinion of Bankruptcy Judge Raslavich.

An Order follows.

### ORDER

AND NOW, this 27th day of July, 1998, the appeal of the debtor, Guido Frezzo, from the order the Bankruptcy Court entered March 5, 1998 is DISMISSED.